THE TITLE GUARANTY AND SURETY COMPANY, ·RE-
SPONDENT, v. FUSCO CONSTRUCTION COMPANY AND
DONATO FUSCO, APPELLANTS.

Submitted March 26, 1917—Decided June 18, 1917.

The plaintiff in consideration of the execution of an agreement of
indemnity to it by defendants, executed a surety bond to the town
of Harrison, New York, for the due performance of the contracts
of the defendant company, with the town. The indemnity agree-
ment provided for the payment of annual premiums during the
continuance of the work, and the payment of incidental expenses
in case of suit. The only affirmative defence pleaded, was that
the contracts were completed before the maturing of the annual
premium sued for. The proof showed otherwise, and no con-
tradiction of the substantial allegations of the plaintiff's loss
being apparent, the trial court directed a verdict for the plaintiff.
*Held*, upon review of the testimony, that the action of the trial
court was not erroneous.

On appeal from the Supreme Court.

For the respondent, *Cohn & Cohn.*

For the appellants, *Charles M. Mason.*

The opinion of the court was delivered by

MINTURN, J.   The plaintiff, a foreign corporation, brought
suit against defendants, the defendant company being a cor-
poration of this state, to recover premiums due on three bonds
given by the plaintiff, as surety for the Fusco Construction
Company, to the town of Harrison, in the State of New York,
to ensure the completion of certain contracts entered into by
the construction company with the town, for the construction
of a sanitary sewer system therein.

The allegation of the complaint is that in consideration of
the plaintiff's suretyship, the defendants agreed, in writing,
with the plaintiff, to pay in cash the annual premium, upon
each of said bonds, and to continue the payment of the same,

until the plaintiff should be discharged, according to law, from all liability upon the obligations.

The agreement also contained a provision ·of indemnity, in virtue of which the plaintiff was to be saved harmless from any loss or liability by reason of its execution of the obligations, including disbursements and costs and counsel fees incurred in collecting the premiums due upon the bonds.

The breach alleged was that the premiums remained unpaid for the years 1914 and 1915, maturing, respectively, on the 6th of December in each year. The answer of both defendants contained a general denial of the allegations of the complaint, and an averment that the contract in question was completed by the company prior to December 6th, 1913.

The trial at the Circuit resulted in a direction of a verdict for the plaintiff, and the appeal lies from that determination. The due execution of the bonds was not denied in the proof. It is contended that there was a variance between the allegation and the proof, in that two of the bonds were dated December 6th, and since the indemnity agreement was dated December 19th, the inference to be drawn was that the latter could not have been executed as *quid pro quo* for the former. No proof was tendered to support the contention, while the proof was ample and uncontradicted that the agreement of indemnity presented the moving motive for the execution of the bonds. It is also to be observed that the test is not fixed by the date of the bond, but by the date of delivery thereof.

The argument that the agreement was without consideration is based upon the same misconception, and falls with it; and it is to be noted that no averment of the kind is made in the answers, and that the agreement itself refers to the execution of the bonds as *quid pro quo* for the *execution of the agreement.*

The third bond was in fact dated December 28th, and the premiums for the first year were paid, and it was proved and stands apparently without dispute in the record that the performance of the contract consumed more than a year, so that the premiums again matured on December 6th, 1914,

and the liability of the defendants for their payment, consequently, is manifest.

Certain ledger cards containing statements of payment of premiums by defendants were admitted in evidence over the defendants' objection, that they were not original entries, and were not properly proved.

If this contention be conceded, their admission was in nowise injurious to the defendants, since, without their presence in the case, the proof was ample from other sources upon which to base defendants' liability. The substantial allegations of the complaint remained unchallenged and uncontradicted in the proof; and we think the right, if not the duty of the court, under the circumstances, manifestly was to adopt the course it pursued, and to direct the judgment appealed from, which will be affirmed.

*For affirmance*—THE CHANCELLOR, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 14.

*For reversal*—None.